SUMMARY ORDER

Linda Bahar, Fnu Mujiyono, and Surya Pratama, natives and citizen of Indonesia, seek review of a November 5, 2008 order of the BIA affirming the September 11, 2006 decision of Immigration Judge (“IJ”) Douglas Schoppert, which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”).[2] In re Linda Bahar, *716 Fnu Mujiyono, Surya Pratama, Nos. A097 189 399/400/401 (B.I.A. Nov. 5, 2008), aff'g Nos. A097 189 399/400/401 (Immig. Ct. N.Y. City Sep. 11, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we review both decisions — or more precisely, we review the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the agency’s adverse credibility determination. We give significant deference to the IJ’s finding that Bahar’s demeanor indicated that she was not testifying in a credible manner. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). The IJ observed that she was evasive and unresponsive during her testimony. We are not compelled to disturb that finding.
Substantial evidence also supports the balance of the IJ’s adverse credibility findings. Specifically, while Bahar stated in her asylum application that she was attacked during her birthday party in 2002, during cross-examination, she testified that this event occurred in 1998. See Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106-107 (2d Cir.2006). While Petitioners argue that this inconsistency was minor and did not go to the heart of their claim, the BIA reasonably found that the discrepancy was “significant as this attack [was] allegedly the event that precipitated [Bahar’s] flight from the country in 2002 in order to protect her life.” See Secaida-Rosales v. INS, 331 F.3d 297, 307-09 (2d Cir.2003).
Additionally, the IJ noted that Bahar’s asylum application stated that she was “coming home” from Christmas shopping when she was attacked on a bus in 1997; however, Bahar testified that she was attacked on the bus as she was “heading out to go shopping.” Petitioners argue that this discrepancy was also too minor to support an adverse credibility finding; however, the IJ reasonably relied on it because Bahar indicated that “she had been shopping and she had purchased a bible and it was the discovery of that bible that led to [her] assault.” Id.
In further support of his adverse credibility determination, the IJ observed that Bahar’s Indonesian identification card indicated that she was Muslim, contrary to her testimony that she had been a Christian since she was a child. While Bahar explained that her card stated that she was Muslim because she did not want to experience problems as a Christian in Indonesia, the IJ reasonably declined to credit this explanation, finding that it contradicted her documentary evidence which indicated that she did not decide to become a Christian until 2005, after she arrived in the United States. See Majidi, 430 F.3d at 80-81.
Additionally, when confronted with an affidavit from the Department of Homeland Security indicating that Bahar lived with a man who had been convicted of asylum fraud, Bahar denied that she lived with him, stating that she lived with a man that she did not know. The IJ reasonably found this assertion implausible. See Siewe v. Gonzales, 480 F.3d 160, 168-69 (2d Cir.2007).
Ultimately, because the IJ’s credibility findings were “based upon neither a mis *717 statement of the facts in the record nor bald speculation or caprice,” we will not disturb them. See Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted), overruled in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007). Because Petitioners based their claims for withholding of removal and CAT relief on the same factual predicate, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Bahar listed her husband, Mujiyono, and their son, Pratama, as derivative applicants on her asylum application.